IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD MCBRIDE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:25-cv-999-MHT-JTA ) (WO) |
| HOGAN DEDICATED SERVICES, LLC, a corporation doing business as Hogan Transports, | ) ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Before the court[1] is the Notice of Removal filed by Defendant Hogan Dedicated Services, LLC. (Doc. No. 1.) Defendant removed the action on the basis of diversity jurisdiction, but the Notice of Removal fails to establish the existence of complete diversity. Specifically, Defendant fails to properly establish its own citizenship for purposes of diversity jurisdiction.[2] Defendant alleges it is not a citizen of Alabama[3] because it

> was and is a foreign corporation organized under the laws of the State of Missouri with its principal place of business in St. Louis, Missouri.

---

[1] On December 23, 2025, this action was referred to the undersigned pursuant to 28 U.S.C. § 636 for consideration or disposition of all pretrial matters as may be appropriate. (Doc. No. 5.)

[2] Diversity jurisdiction exists in civil actions filed between the citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

[3] According to the Notice of Removal, "Plaintiff is a resident citizen of Wetumpka, Alabama." (Doc. No. 1 at 4.)

> Defendant has never been a domestic corporation organized under the laws of the State of Alabama, nor has its principal place of business ever been located in the State of Alabama.

(Doc. No. 1 at 4.)

By filing the notice of removal, Defendant elected to defend this action in this court. Therefore, Defendant bears the burden of establishing the existence of diversity jurisdiction. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties."). Place of incorporation, principal place of business, and the like are useless for establishing the existence of diversity of citizenship where a limited liability entity is concerned. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *See id*. Thus, to properly allege its citizenship, Defendant must name each of its members and state each member's place of citizenship.[4] If any of its members is a limited liability entity, Defendant must identify and allege the citizenship of each member of that limited liability entity,[5] and so forth.

Furthermore, allegations of citizenship of a limited liability entity's owners will not be accepted. "[M]embership, not ownership, . . . is critical for determining the citizenship of an LLC." *Post v. Biomet, Inc.*, No. 3:20-CV-527-J-34JRK, 2020 WL 2766210, at *1

---

[4] For all natural persons, citizenship, not mere residency, must be alleged. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person.").

[5] For a limited liability partnership, Defendant must identify each partner and allege the citizenship of each of them. *Rolling Greens*, 374 F.3d at 1022

2

(M.D. Fla. May 28, 2020) (collecting cases). "[T]he terms 'owner' and 'member' have sometimes been used synonymously with respect to limited liability companies," but "these terms are not always interchangeable." *Id*. Hence, "the [c]ourt is unable to presume" allegations regarding limited liability ownership are sufficient to establish membership or, by extension, the existence of diversity jurisdiction. *Id*.

Accordingly, it is ORDERED as follows:

1. **On or before January 20, 2026,** Defendant shall show cause why this action should not be remanded for failure to establish diversity jurisdiction.

2. **On or before January 30, 2026,** *pro se* Plaintiff Richard McBride shall file a response.

2. **On or before January 20, 2026,** Defendant shall file an amended notice of removal properly alleging diversity of citizenship.

***Failure to comply with this Order will result in a recommendation that this action be remanded for failure to establish the existence of subject matter jurisdiction.***

DONE this 6th day of January, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE